IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLOS R. MAYBERRY, #280818         *
          Plaintiff,
   v.                                  *   CIVIL ACTION NO. RDB-07-3324

ROBERT A. KOPPEL, et al.            *
          Defendants.
                              *****

**MEMORANDUM OPINION**

On December 12, 2007, this Court received for filing a Complaint sounding in tort, dated December 11, 2007, from Carlos R. Mayberry ("Mayberry"), a state inmate confined at the Jessup Correctional Institution. Mayberry, who is no stranger to this Court, attacks Defendants' "tortious" conduct, claiming that his requests regarding "life threatening" concerns[1] were being ignored. (Paper No. 1). Mayberry has filed neither the civil filing fee nor *in forma pauperis* application. However, because his Complaint against Defendants fails to state a federal claim upon which relief may be granted, he shall not be required to cure this deficiency.

Federal courts are courts of limited jurisdiction. *See Bender v. Williamsport Area School District,* 475 U.S. 534, 541 (1986); *Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 674 (7th Cir. 1987). A civil case may proceed in federal court only if a plaintiff raises a claim based on the Constitution or laws of the United States or diversity jurisdiction exists. Mayberry's claims primarily sound in tort, not under the U.S. Constitution or federal law. To the extent that the *pro se* cause of action may be generously construed as a 28 U.S.C. § 1332 diversity tort claim against

---

[1] Mayberry makes rather vague and general claims regarding his safety, Attention Deficit Disorder, administrative remedy responses, and "noise allergies." (Paper No. 1.)

Defendants, the cause of action may not go forward as the parties here are not claimed to be diverse and do not meet § 1332 requirements.

Accordingly, this Complaint shall be dismissed without requiring service of process on Defendants.[2] A separate Order follows.[3]

Date:   December 21, 2007

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] This case was instituted as a 42 U.S.C. § 1983 action. However, tort actions are not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986); *Manila Investment Co. v. Trammell*, 239 U.S. 31 (1915); *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766 (7th Cir. 1985). Mayberry claims that he intends to "amend his [tort] petition in the near future with a 1983 civil action." (Paper No. 1 at 12.) To the extent that Mayberry may wish to raise a constitutional claim against Defendants, he is free to so do by filing a 42 U.S.C. § 1983 complaint in this Court. He is cautioned, however, that such a complaint must contain a clear and concise statement of facts and may not involve the laundry list of claims as set out in the instant action.

[3] Because Mayberry makes several verbal references to suicidal ideation, a copy of this Memorandum Opinion and the accompanying Order shall be forwarded to the Office of the Attorney General for any action deemed appropriate.

2